UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELDON HUFFINE,

        Plaintiff,

        v.

DONALD MOLLOY, *et al.*,

        Defendants.

CASE NO. C07-1556-RSM-JPD

REPORT AND RECOMMENDATION

Plaintiff is currently incarcerated in the Federal Detention Center in SeaTac, Washington. He has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, along with an application for leave to proceed *in forma pauperis* ("IFP application"). In his proposed complaint, plaintiff asserts that the Honorable Donald Molly, United States District Judge for the District of Montana, "ridiculed, defamed, and libeled" plaintiff during a trial where plaintiff faced unspecified criminal charges. (Proposed Complaint at 1). In the caption of the case, plaintiff also names as defendants the Department of Justice, the United States of America, and Does #1-20. However, the body of the complaint contains no allegations pertaining to those defendants.

    Because plaintiff's complaint is directed at a federal judge, the complaint should be construed as attempting to state a cause of action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). However, the complaint falls short of the allegations necessary to state a claim under *Bivens*. Judges are accorded absolute immunity for actions taken in a judicial capacity. *See Fry v. Melaragno*, 939 F.2d 832, 835-36 (9th Cir. 1991), *quoting Mitchell v. Forsyth,* 472 U.S. 511, 520

REPORT & RECOMMENDATION
PAGE 1

(1985). The phrase "judicial capacity" has been interpreted broadly by the Supreme Court to include situations where judges are even alleged to have acted "maliciously and corruptly." *Mireles v. Waco,* 502 U.S. 9, 11 (1991). Thus, even assuming the truth of plaintiff's allegations, Judge Molloy would be shielded by judicial immunity. Therefore, plaintiff's complaint fails to state a claim upon which relief can be granted, and granting him leave to amend the complaint would be futile. Accordingly, the complaint should be dismissed and the IFP application denied as moot. A proposed Order reflecting this recommendation is attached.

DATED this 17th day of October, 2007.

JAMES P. DONOHUE
United States Magistrate Judge

REPORT & RECOMMENDATION
PAGE 2